UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| STATE OF INDIANA *ex rel.* TODD ROKITA, ATTORNEY GENERAL OF INDIANA, | ) | |
| Plaintiff, | ) | NO. 2:26-cv-00390-GSL-AZ |
| vs. | ) | |
| TOWN COUNCIL OF THE TOWN OF MERRILLVILLE, INDIANA, | ) | |
| Defendant. | ) | |

**MOTION TO REMAND AND FOR REIMBURSEEMENT FOR COSTS AND FEES**

Plaintiff, State of Indiana *ex rel.* Todd Rokita, Attorney General of Indiana, by counsel, respectfully moves that this Court remand this action to state court pursuant to 28 U.S.C. § 1447(c). In support of this motion, Plaintiff states:

1. The State initiated this enforcement action by filing a Complaint for Injunction and Civil Penalties against the Town Council of the Town of Merrillville, Indiana (the "Town Council") on July 30, 2026, in Lake Superior Court alleging that the Town Council has violated and continues to violate Indiana Code § 5-2-18.2-4. *See* Dkt. 5.
2. The State seeks civil penalties and to compel the Town Council's compliance with Indiana Code § 5-2-18.2-4, which prohibits Indiana local governmental entities from "in any way limit[ing] or restrict[ing] the enforcement of federal immigration laws . . . to less than the full extent permitted by federal law."

3. The Town Council was served with the Complaint for Injunction and Civil Penalties, Summons, and Notice of Appearance on August 4, 2026, via certified mail. *See* Dkt. 1-3 at 9.
4. On September 3, 2026, the Town Council filed a Notice of Removal, removing this case from Lake Superior Court, Lake County, Indiana, to the U.S. District Court for the Northern District of Indiana, Hammond Division. *See* Dkt. 1.
5. The State's claims do not present a federal issue that is actually disputed or substantial. Further, federal jurisdiction over the State's claims would disrupt the federal-state jurisdictional balance.
6. The State lacks standing to pursue its claims in federal court and has standing in state court. This Court therefore lacks subject-matter jurisdiction and this matter should be immediately remanded to state court.
7. The Town Council did not have an objectively reasonable basis for removal, and the State is therefore entitled pursuant to 28 U.S.C. § 1447(c) to just costs and any actual expenses, including attorney fees, incurred as a result of the improper and unreasonable removal.
8. In support of this Motion, the State submits its Memorandum in Support of Plaintiff's Motion to Remand and for Fees and Costs (Dkt. 14), filed contemporaneously herewith.

**WHEREFORE**, the State respectfully requests that the Court immediately remand this matter to state court and award the State just costs and actual expenses, including attorney's fees, which the State incurred as a result of the removal.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

Date: September 18, 2026 By:

/s/ *Blake E. Lanning*
Blake E. Lanning
Assistant Chief Deputy
Attorney No. 35282-24
Appearance Forthcoming

/s/ *Jordan D. Hall*
Jordan D. Hall
Deputy Attorney General
Attorney No. 37633-49

/s/ *Olivia G. Key*
Olivia G. Key
Deputy Attorney General
Attorney No. 39745-49

OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317)-232-8817
Facsimile: (317) 232-7979
E-mail: Blake.Lanning@atg.in.gov
E-mail: Jordan.Hall@atg.in.gov
E-mail: Olivia.Key@atg.in.gov